**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4412**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BENJAMIN ALVAREZ-HERNANDEZ, a/k/a Benjamin Hernandez-Martinez, a/k/a Benjamin Escamilla Mendosa,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-00646-RBH-1)

Submitted:  November 20, 2008    Decided:  November 26, 2008

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Alvarez-Hernandez appeals from his conviction and 75-month sentence imposed following his guilty plea to unlawful reentry into the United States by an aggravated felon. Hernandez's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the validity of the plea and the reasonableness of the sentence, but stating that there was no merit to the appeal. Hernandez was informed of his right to file a pro se brief, but has declined to do so. Our review of the record discloses no reversible error; accordingly, we affirm Hernandez's conviction and sentence.

We find that Hernandez's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Hernandez was properly advised of his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must:

(1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. We presume that a sentence within the properly calculated sentencing guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within guideline sentence). The district court followed the necessary steps in sentencing Hernandez, and we find no abuse of discretion in the sentence of 75 months of imprisonment. We therefore affirm his conviction and sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED